W. FLETCHER, Circuit Judge,
dissenting.
The majority concludes that it was appropriate for the district court to decide on summary judgment that the proposed settlement contract was unambiguous. I respectfully disagree.
While the majority may indeed be correct that the words “existing terms” are unambiguous, this does not make the contract as a whole unambiguous. On the contrary, the remainder of the contract fails to specify the essential terms of the agreement. Most importantly, the settlement does not clarify whether interest continued to accrue after the Bouwmans asserted that they had a right to rescind the contract. The settlement indicates only that the loan would be “reaffirmed” on existing terms. The Bouwmans contend that interest would continue to accrue only after that reaffirmation, while defendant lenders contend that interest continued to accrue even during settlement negotiations. Resolution of this question required that the district judge weigh the persuasiveness of disputed extrinsic evidence, see Abercrombie v. Hayden Corp., 320 Or. 279, 883 P.2d 845 (1994), which of course is impermissible on summary judgment. The district judge engaged in such a factual analysis, and therefore should be reversed.
I would reverse and remand the judgment of the district court.